[Civ. No. 35253. Second Dist., Div. One. May 12, 1970.]

Estate of GEORGE B. DEVENISH, Deceased.
HOUSTON I. FLOURNOY, as State Controller, Claimant and Appellant, v.
JOHN C. DEVENISH, as Executor, etc., Objector and Respondent.

COUNSEL

Myron Siedorf, Walter H. Miller and Phyllis Kelly Fairbanks for Claimant and Appellant.

Lonergan, Jordan & Gresham and Allen B. Gresham for Objector and Respondent.

OPINION

**THOMPSON, J.**—This is an appeal by the State Controller from an order sustaining objections to report of inheritance tax appraiser and fixing amount of tax due in the estate of George B. Devenish. We affirm the order.

*Facts*

George Devenish, a widower, died October 15, 1967, leaving a net taxable estate of $533,469.28. His will leaves all of his estate to a pour-over *inter vivos* trust to be administered and distributed as part of the trust estate. With minor exceptions not pertinent to the case at bench, the testamentary scheme embodied in the trust creates equal life estates in the three children of the decedent and their spouses with contingent remainders to the issue of the children. The remainders fully vest when the remainderman reaches age 35. If the remainderman dies before reaching that age, his share is distributable to his issue, or, if he leaves no issue, is to be added to the other shares of the trust.[1] The trust instrument defines issue as including "adoptive descendants."

At the date of his death, George Devenish was survived by his three children, a daughter-in-law, and issue of each of the three children. The controversy here before us involves the computation of inheritance tax upon the share of the estate passing for life to John C. and Ann Devenish, the son and daughter-in-law of the decedent, with remainder to the issue of John. On the date of death, John had two natural children. Approximately 16 months later, John, by a stepparent adoption, legally adopted Paul M. Hagasian (Devenish) and Lois A. Hagasian (Devenish). Both Paul and Lois were under the age of 21 at the time of the adoption.

The inheritance tax appraiser computed the inheritance tax upon the pertinent share of the estate by treating Paul and Lois as issue of John for

---

[1]An "antiperpetuity" clause in the instrument preserves the validity of the trust.

the purposes of distribution of the estate but as strangers to the decedent for the purpose of applying the appropriate exemption and rate of tax. The tax so computed is greater than that resulting from a computation which either: (1) treats Paul and Lois as not potential beneficiaries of the estate at the date of death; or (2) treats them consistently as "issue" both at that time and when actually adopted. ■ Respondent filed his objection to the report of inheritance tax appraiser. He made no objection to that portion of the report which included the adopted children as beneficiaries of the estate. He did object to the use by the appraiser of the rate and exemption applicable to "strangers." The trial court sustained the objection to the report of inheritance tax appraiser. It found that Paul and Lois were strangers to the decedent at the date of death, that they had no interest in his estate at that time, and that consequently no part of the estate is taxable as passing to Paul and Lois. The trial court determined the inheritance tax accordingly. Appellant State Controller perfected the appeal which brings the matter to this court.

### Issue on Appeal

Appellant contends: Paul and Lois Hagasian are to be classified as issue of the decedent entitled to an interest in his estate because they were adopted by a son of the decedent after the date of death; and (2) they are to be classified as "Class C" transferees, strangers to the decedent, and not "Class A" transferees, issue, for the purpose of application of the appropriate exemption and rate of tax because they were not adopted children at the date of death.

Respondent contends that Paul and Lois should not be treated as beneficiaries of the estate because, as of the date of decedent's death, they were not members of the class entitled to take under the trust. Respondent contends alternatively that if Paul and Lois are included as beneficiaries because they became "issue" by adoption, the tax rate applicable to the bequest to them is that applicable to bequests to issue, "Class A" transferees.

As we view the matter, respondent's alternative contention if followed would result in a lower total inheritance tax than that found to be due by the court.[2] Respondent, however, has filed no cross-appeal. The valuation of the interests passing by the trust as determined by the inheritance tax appraiser is conceded by all parties to be correct.

---

[2]The California inheritance tax is computed at rates graduating upward as the share passing to a legatee increases. The tax is also computed allowing a specific exemption to each bequest to each legatee. It follows, therefore, that if the number of legatees within a class is increased, the total amount of inheritance tax imposed upon all bequests to members of the class is decreased.

## Applicable Rate of Tax

■ The California inheritance tax law imposes a tax upon transfers by a decedent to the beneficiary of the transfer. The statutory scheme classifies beneficiaries by their relationship to the decedent and imposes a tax at different rates and subject to different exemptions depending upon the classification.

Property passing to a "Class A" transferee in a transaction subject to inheritance tax is taxed on the following formula: if the transferee is other than a minor child of the decedent, there is first deducted an exemption of $5,000 from the value of the property transferred to the transferee; the excess value is taxed at a gradually ascending rate beginning at 3 percent of the first $25,000, graduating to 4 percent of the next $25,000 and on upward. (Rev. & Tax. Code, §§ 13801, 13404.) Property passing to a "Class C" beneficiary is taxed on a basis as follows: there is first deducted an exemption of $300 and the excess value is taxed at a gradually ascending rate beginning at 10 percent of the first $25,000, graduating to 14 percent of the next $25,000 and on upward. (Rev. & Tax. Code §§ 13803, 13406.)

A "Class A" beneficiary is defined by section 13307 of the Revenue and Taxation Code as: "A transferee who is the husband, wife, lineal ancestor, or lineal issue of the decedent. . . ." Section 13310 of the Code provides in pertinent part: "In determining the classification of a transferee of any class for the purposes of this part, children adopted in conformity with the laws of this state while under the age of 21 years are deemed to be natural children of their adoptive parents. . . ." A "Class C" beneficiary is "any transferee who is not a class A or B transferee." (Rev. & Tax. Code, § 13309.) The "Class B" transferee classification is inapplicable to the controversy at bench.

■ The issue raised by the case at bench—the effect upon classification for inheritance tax purposes of the post-death addition of a member to a class designated in the will or trust who qualified for addition after the date of death but did not so qualify on that date—is one of first impression. We conclude that the resolution by the trial court of that issue must be affirmed.

Inheritance tax is determined as of the date of death of the decedent from whom the property valued for the purposes of computing the tax has been transferred. (Rev. & Tax. Code, § 13402.) ■ As of the date of death of the decedent in the case at bench, none of his property could pass to a person not a "Class A" transferee. The trust instrument in which the testamentary scheme is encompassed provides for distribution to the

children of the testator and to a class composed of their issue. All persons meeting the definition of those who may take under the trust must be lineal descendants of the transferor and thus must be within the definition of a "Class A" transferee stated in Revenue and Taxation Code section 13307. The post-death addition of Paul and Lois to the class by reason of their adoption by a child of the testator does not change the tax consequences of the trust. The inclusion of Paul and Lois within the class entitled to take is totally dependent upon a condition which also qualifies them as lineal descendants of the decedent, i.e., their legal adoption by a child of the decedent. (Rev. & Tax. Code, § 13310.)

Appellant argues that pursuant to Revenue and Taxation Code section 13402, inheritance tax is to be computed at the rates effective at the date of death. He argues that at the date of decedent's death, Paul and Lois had not been adopted and hence were not within the definition of a "Class A" transferee on that date. Appellant thus reasons that if Paul and Lois are treated as beneficiaries of the estate the interests passing to them must be taxed as passing to "Class C" transferees. He argues, also, that they should be so treated because of the provisions of Revenue and Taxation Code section 13411, subdivision (a). That section provides in part: "In the case of a transfer made subject to a contingency or condition upon the occurrence of which the right, interest, or estate of the transferee may, . . . be created, defeated, extended, or abridged, the tax is computed as though the contingency or condition has occurred in such manner as to produce the highest rate of tax possible." The contingency in the trust asserted by appellant is that the adoption of a child by a named beneficiary can cause an estate to be created in the adopted child.

The fallacy in appellant's argument lies in its failure to perceive that under no circumtances can the adopted child take under the trust unless his status is such as to qualify him also as a "Class A" transferee. To hold that under these circumstances those who ultimately do take are not "Class A" transferees for the purposes of inheritance taxation is to reduce the statute to an absurdity. In the last analysis, a natural child born to one of the decedent's children after his death would no more meet the definition of a "Class A" transferee at the date of decedent's death than did Paul and Lois. Appellant's contention, if adopted by this court, would thus subject all trusts in which there is a remainder to an open class to taxation at rates essentially applicable to bequests to strangers although the only potential takers under the trust are issue of the settlor. Such a result runs counter to the California statutory scheme of inheritance tax which imposes a lower

rate of tax upon transfers to relatives of decedent than upon transfers to persons unrelated by blood, marriage or adoption.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.